UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23609-CIV-LENARD/GOODMAN

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,
v.

**ANTHONY MELLONE, ET AL.**,

    Defendants.

_____/

## OMNIBUS ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (D.E. 44) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REOPEN THE CASE AND SET CERTAIN DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY AMOUNTS (D.E. 36)

**THIS CAUSE** is before the Court on the Report and Recommendation of the Magistrate Judge (D.E. 44), issued on February 13, 2015. The Magistrate Judge recommends that the Court grant in part and deny in party Plaintiff's Motion to Reopen the Case and Set Certain Disgorgement, Prejudgment Interest, and Civil Penalty Amounts (Motion). Specifically, "[c]oncerning the only disputed portion of the Motion (how much of a penalty should be assessed against [Defendant Larry] Wilcox), the [Magistrate Judge] **respectfully recommends** a **$1,500** penalty." (D.E. 44 at 1-2).

The Court must conduct a de novo review of any part of the Magistrate Judge's Report and Recommendation that has been "properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de

novo determination of those portions of the report [and] recommendation[] to which objection is made"). In order to properly object to the Magistrate Judge's Report and Recommendation, "a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (alterations in original) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir.1989)). Where objections fail to specifically identify those findings objected to or where the objections are frivolous, conclusive, or general, the Court need not consider the objections and may proceed as if no objections have been made. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988); United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with."). Where no objections have been made, the Court reviews the Report and Recommendation—including the Magistrate Judge's factual findings and legal conclusions—for clear error. See Thomas v. Arn, 474 U.S. 140, 150 & n.8 (1985); Crutch v. Lawrence Cnty. Bd. of Educ., No. 3:12-CV-827-PWG, 2012 WL 3030173, at *2 & n.3 (N.D. Ala. July 23, 2012).

The Court finds that Plaintiff has not properly objected to the Magistrate Judge's Report and Recommendation. Plaintiff asserts that the Magistrate Judge "erred by: (1) denying the Commission's request for a civil penalty as to Wilcox in the amount of $24,000, which is equal to the gross amount of his pecuniary gain in the fraud; and (2) ordering a civil penalty in the amount of $1,500 as to Wilcox." (D.E. 45 at 2). Plaintiff

also asserts that the Magistrate Judge "misapplied the appropriate factors in reaching the amount of civil penalty to be ordered against Wilcox." (Id.). Plaintiff, however, does not specifically address the Magistrate Judge's findings, specify any particular basis for its objections, or provide any supporting authority. Rather, Plaintiff relies upon and incorporates by reference every argument that it has previously made in the record. (See D.E. 45). Because Plaintiff has made no specific objection, the Court will review the Magistrate Judge's Report and Recommendation for clear error. See Macort v. Prem, Inc., 208 F. App'x at 784. Based on an independent review of the Magistrate Judge's Report and Recommendation, the related pleadings, and the record, the Court finds that the Magistrate Judge's Report and Recommendation is not clearly erroneous.

Even if Plaintiff had properly objected to the Magistrate Judge's Report and Recommendation, after a de novo review, the Court agrees with the Magistrate Judge's evaluation of the relevant factors. Accordingly, the Court adopts the Magistrate Judge's reasoning and analysis as its own.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 44), issued on February 13, 2015, is **ADOPTED**;

2. Plaintiff's Motion to Reopen the Case and Set Certain Disgorgement, Prejudgment Interest, and Civil Penalty Amounts (D.E. 36), filed on July 24, 2014, is **GRANTED IN PART AND DENIED IN PART**; and

3. This case is **REOPENED** for the limited purpose of accepting Plaintiff's voluntary dismissals (D.E. 37; 38; 39; 40) and entering final judgments as to Defendants Anthony Mellone, Alex Parsinia, Zcom Networks, Inc., and Larry Wilcox, which the Court shall enter by separate orders.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2015.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**